UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Defendant. | No. 2:17-cv-2592 GEB CKD PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Brian Garcia, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

For the reasons discussed below, the court concludes that it lacks federal subject matter jurisdiction over the action. Accordingly, the court recommends that the action be dismissed without prejudice, and that plaintiff's application to proceed *in forma pauperis* in this court be

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

denied as moot.

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (internal citations omitted). "Sovereign immunity is an important limitation on the subject matter jurisdiction of federal courts. The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity. The Supreme Court has frequently held that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006) (internal citations and punctuation marks omitted). "The bar of sovereign immunity cannot be avoided merely by naming officers and employees of the United States as defendants." Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982).

Here, plaintiff purports to bring a claim against a federal agency, the Equal Employment Opportunity Commission (EEOC), based upon the agency's dismissal of a complaint plaintiff filed against his employer. (See ECF No. 1.) Plaintiff alleges that he complained to the EEOC "about race and gender discrimination manifested by the supervisory staff at the Sacramento Procter and Gamble refinery . . . [as well as a] subsequent retaliatory firing." (ECF No. 1 at 1.) Apparently, plaintiff's complaint was dismissed on September 15, 2017. (Id.) Plaintiff asserts that his "current complaint [in this court] is about the wrongful dismissal of [his] EEOC complaint." (Id.)

Plaintiff has not cited to any federal law or provision of the United States Constitution as a basis for this court's jurisdiction over his claim. Liberally construed, it appears that plaintiff may be attempting to bring a negligence claim under the Federal Tort Claims Act ("FTCA") or a procedural due process claim, under the Fifth Amendment to the United States Constitution.

The FTCA "waives the sovereign immunity of the United States for certain torts committed by federal employees under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Vacek, 447 F.3d at 1250; 28 U.S.C. § 1346(b). However, under the FTCA:

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting with the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Furthermore, an action under the FTCA:

> shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b). "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues…." 28 U.S.C. § 2401(b). The requirement that a claimant first exhaust administrative remedies by filing a claim with the appropriate federal agency "is jurisdictional in nature and must be interpreted strictly." Vacek, 447 F.3d at 1250.[2]

---

[2] In United States v. Wong, 135 S. Ct. 1625 (2015), the United States Supreme Court held that 28 U.S.C. § 2401(b) is a procedural, and not jurisdictional, time bar, which may be equitably tolled in an appropriate case. However, Wong did not disturb well-established precedent holding that the FTCA's administrative exhaustion requirement itself (i.e., presentation of the claim), as outlined in 28 U.S.C. § 2675(a), is jurisdictional. See, e.g., Bhatnagar v. United States, 2015 WL 4760386, at *5 (N.D. Cal. Aug. 12, 2015) (distinguishing section 2675(a)'s jurisdictional

Putting aside any issues related to sovereign immunity, plaintiff may not bring a claim under either the FTCA or the Fifth Amendment. As to the FTCA, plaintiff alleges that the EEOC mishandled a complaint he brought to the agency about his employer. He does not allege, however, that he first complained to the EEOC about its own process. Thus, plaintiff may not bring a claim against the EEOC under the FTCA because he has not exhausted administrative remedies.

Moreover, in order to state a procedural due process claim under the Fifth Amendment, plaintiff must first demonstrate that the agency's actions have infringed upon some property or liberty interest protected by the Constitution or federal statute. See Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 576–77, (1972). However, plaintiff has no legitimate claim of entitlement, related to the EEOC's investigation process—he has no protected right to any outcome or specific process. As such, under these circumstances, plaintiff may not state a procedural due process claim against the EEOC.

The court finds that plaintiff has failed to state a claim under the United States Constitution or any federal law, and could not do so, if granted leave to amend. Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without prejudice for lack of subject matter jurisdiction.
2. Plaintiff's motion to proceed *in forma pauperis* in this court (ECF No. 2) be denied as moot.
3. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations. <u>Other than objections to the findings and recommendations or non-frivolous motions for emergency relief</u>, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

////

---

requirement from section 2401(b)'s non-jurisdictional statute of limitations).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  December 26, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/ps.garcia.screen F&Rs dismissal no SMJ

5